UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LEIGH A. HOLMES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No.: 3:20-cv-647 |
| GIFT SERVICES INC., | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Leigh A. Holmes ("Plaintiff" or "Holmes"), and files her Complaint against the Defendant, Gift Services Inc. ("Defendant" or "Gift Services"), and in support she states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment of Plaintiff because of her race and retaliation against Plaintiff for leading to her unlawful termination.

## VENUE AND JURISDICTION

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under Title VII.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Holmes, is a citizen of the United States and was at all times material a resident of North Carolina, residing in Mecklenburg County.

5. Defendant, Gift Services, is a foreign corporation with its principal place of business in Vancouver, Washington.

6. At all times relevant Plaintiff worked for Defendant at its facility located at 5039 Sirona Dr, Charlotte, NC, 28273.

7. Defendant is an employer as defined by the laws under which this action arises.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On April 2, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race and retaliation.

10. Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

11. On September 16, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, issued upon request.

12. This Complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL BACKGROUND

13. Plaintiff worked for Defendant as full-time Shipping Supervisor.

14. Plaintiff is an African American female.

15. As a Shipping Supervisor, Plaintiff's duties included ensuring shipping and production ran smoothly, logistics with shipping vendors, and managing her subordinates, including temporary employees Defendant brought in from various staffing agencies including Goodwill Staffing and Latin Labor.

16. Upon information and belief the majority of employees available for hire from Goodwill Staffing were African American.

17. Defendant's Human Resources Manager Jackie Sanders, who is African American, frequently berated African American employees about their appearance and the style of their clothing but did not make similar comments to Hispanic or Caucasian employees. Ms. Sanders subjected African American employees work to heightened scrutiny and terminated almost all of the African American employees despite Plaintiff's reports that they were performing well and should be retained.

18. In December 2019, Ms. Sanders stated "I will never use Goodwill again because they keep sending me those people" referring to the African American employees.

19. Following Ms. Sander's discriminatory comment Plaintiff complained to Defendant's Operations Manager Shawn Crow, who is Caucasian. Plaintiff explained to Mr. Crow how Ms. Sanders treated African American employees in a disparate manner. Defendant took no action.

20. Following Plaintiff's complaint, Ms. Sanders refuse to communicate with Plaintiff in the workplace. Further, Ms. Sanders would not take Plaintiff's work-related calls and ignored

Plaintiff's work-related questions. Moreover, Ms. Sanders questioned other employees about how close they were to Plaintiff and intimidated them into not speaking to Plaintiff throughout the workday.

21. In January 2020, Plaintiff again complained to Mr. Crowe about the retaliation she was facing. Plaintiff informed Mr. Crowe that she was being harassed and discriminated against due to her race.

22. Plaintiff also raised concerns about Ms. Sander's continued discriminatory and disparate treatment of African American employees. Again, no action was taken to remedy the situation.

23. Soon after, in retaliation for opposition to Defendant's discriminatory practices and due to her race, Defendant terminated Plaintiff.

24. Plaintiff has been damaged by Defendant's illegal conduct.

25. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:  Race Discrimination in Violation of Title VII

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 25 above.

27. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

28. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, African American.

29. During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions and

privileges of employment in various ways, in substantial part because of her race in violation of Title VII.

30. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

31. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress.

32. Plaintiff is entitled to general and compensatory damages.

33. Defendant's conduct was willful, wanton, malicious and done in reckless disregard for the well-being of Plaintiff. Plaintiff is entitled to punitive or exemplary damages.

## Count II: Retaliation in Violation of Title VII

34. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 25 above.

35. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

36. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

37. Defendant's conduct violated Title VII.

38. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

39. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

5

40. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
North Carolina Attorney Registration No. 54125
Spielberger Law Group
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*